LYMAN TREMAIN et al., Respondents, *v.* AARON RICHARDSON, Appellant.

The power to punish as for a contempt the disobedience of an order granted by a county judge in proceedings supplementary to execution issued upon a judgment in the Supreme Court, requiring the judgment debtor to appear and answer concerning his property, does not vest exclusively in the county judge; the Supreme Court has concurrent jurisdiction and power to punish.

Where a right is granted by statute or exists at common law, a subsequent statute giving a new remedy or penalty or forfeiture for a violation of that right, is cumulative, and not a substitute for former and existing remedies and penalties.

(Argued January 23, 1877; decided January 30, 1877.)

THIS was an appeal from an order of General Term of the Supreme Court in the third judicial department affirming an order of Special Term adjudging defendant guilty of contempt and punishing him therefor.

The contempt was in the disobedience of an order made by the county judge of Albany county in proceedings supplementary to an execution issued upon a Supreme Court judgment. The order required defendant to appear before a referee named to be examined in reference to his property.

It appeared that defendant attended before the referee at the time and place appointed and presented written objections to the effect that the referee was hostile to him; and he thereupon persistently refused to be sworn or examined. In the opposing affidavits defendant stated that he complained to the county judge that the referee was his bitter enemy, and the judge thereupon told him to go before the referee, present objections, and then return before him; that he notified the plaintiff's attorney that he would appear before the county judge, and that he did so appear. *Held*, that the excuse of defendant for not being examined was frivolous; that if he desired a change of referee he should have applied to the judge making the order, who could have passed upon his objections; that if any such verbal directions as sworn to were given by the county judge, they did not operate as a vacation of the order or relieve defendant from a compliance with its terms.

It was objected that the order having been made by the county judge, he alone had jurisdiction of and could punish for contempt. *Held*, as above, the court stating that as the contempt was not created by the statute giving the county judge authority to issue the order (Code, § 292), but as a disobedience of an order of the court or a judge empowered to grant it, it was a contempt by prior statutes, if not at common law (2 R. S., § 534); the grant of power to the judge to take cognizance of the offence (Code, § 302) only gave a new, less expensive and more speedy remedy, which was additional to and did not take away the old remedy (*Livingston* v. *Van Ingen*, 9 J. R., 507; *Renwick* v. *Morris*, 7 Hill, 575); that the county judge, in performing the duties devolved upon him in such a matter, occupied the same relation to the Supreme Court as a judge of that court, and if power had not been expressly given him, obedience to the order could only have been enforced by the court (*Dudley* v. *Mayhew*, 3 Com., 9), and as the Code does not take away jurisdiction, the new jurisdiction only gave another tribunal for redress, and a cumulative remedy.

As authorities showing that the court could punish for the disobedience of such order of a judge, the court cited

*Lathrop* v. *Clapp* (40 N. Y., 328); *Wicker* v. *Dresser* (13 How., 331; 2 Sandf., 724).

*Samuel Hand* for the appellant.

*Marcus T. Hun* for the respondent.

ALLEN, J., reads for affirmance. All concur, except CHURCH, Ch. J., and RAPALLO, J., not voting.

Order affirmed.