36  107
132a 407

JAMES G. ROSS, APPELLANT, v. SAMUEL P. WIGG, APPELLANT.

JAMES G. ROSS, APPELLANT, v. SAMUEL P. WIGG, APPELLANT.

ALEXANDER R. CHRISTIE AND WILLIAM KERR, RESPONDENTS, v. SAMUEL P. WIGG, APPELLANT.

*Supplementary proceedings may be instituted before the recorder of the city of Oswego—*
*1857, chap. 96, sec. 4.*

Section 4 of chapter 96 of 1857, authorizing the recorder of the city of Oswego to "exercise any power or authority in any proceedings supplementary to execution in the county of Oswego, which the county judge or a justice of the Supreme Court can exercise therein, whether such supplementary proceedings

be in an action in said recorder's court or in any other court," was not repealed by the adoption of the Code of Civil Procedure, either expressly or by implication, and the recorder of that city still has power to entertain such proceedings and to appoint therein a receiver of the property of the judgment debtor.

APPEAL from an order of the Oswego Special Term, denying a motion to set aside supplementary proceedings, and from an order made therein appointing James Dowdle receiver of the property of Samuel P. Wigg. The motion was made upon the ground that the recorder of the city of Oswego had no authority or jurisdiction in the premises.

*W. H. Kenyon*, for the appellants.

*W. A. Poucher* and *P. W. Cullinan*, for the respondents.

HARDIN, P. J.:

Chapter 96 of the Laws of 1857, in the fourth section, conferred upon the recorder of the city of Oswego power in the following words: "Section 4. The recorder of the city of Oswego may exercise any power or authority in any proceedings supplementary to execution, *in the county of Oswego*, which the county judge or a justice of the Supreme Court can exercise *therein*, whether such supplementary proceedings be in an action in said recorder's court or in any other court." (1.) It is observable that the power is conferred upon the recorder as such and not upon the recorder's court. (2.) It may be exercised in an action originating in the recorder's court or in any other court. When the power was conferred a county judge or a justice of the Supreme Court could entertain, as still either may, supplementary proceedings. (4.) The act was local, as the power was limited and confined to the "county of Oswego." (*Matter of the Estate of Goddard*, 94 N. Y., 548; opinion of RUGER, Ch. J., and cases there cited.

It is not claimed by the appellant that the chapter from which we have quoted, or the section referred to, has been in terms, or by any special act or general act referring to the statute specifically, repealed. But it is insisted that it is repealed by implication. Under the Code of Procedure it was held that a proceeding supplementary to an execution "was a proceeding in the action." (*Wegman* v. *Childs*, 41 N. Y., 159; *Ward* v. *Roy*, 69 id., 96; *Wright* v. *Nostrand*, 94 id., 31.)

Title 12 of the Code of Civil Procedure provides for three distinct remedies, one of them being an order " after the return of an execution against a judgment debtor." (Code of Civ. Pro., sec. 2432.) Following that section, we find in section 2433 a declaration that " each of those remedies" provided for in section 2432 ".is a special proceeding." We do not regard this declaration of the legislature as indicative of any intent to change the nature and character of the proceeding, or as in any way diminishing the force 'of section 4 of chapter 96, Laws of 1857.

Section 3196 speaks of the civil jurisdiction of the " Recorder's Court of the City of Oswego," and has no bearing upon the powers conferred upon the recorder, as such, when not holding a court. To make it certain and clear that such was the intent of the legislature, we find section 3202 was adopted. It is as follows : " This title does not affect *any provision of law* conferring upon *a judge*, or upon the judges of either of those courts, jurisdiction *power* or authority in an action brought in another court, or in a special proceeding."

This seems to be a clear preservation of the powers conferred upon the several magistrates, and to continue and recognize the existence of that power, independent of the several courts in which they may or may not preside. In other words, " *chamber powers* " are recognized and left unaffected by the language used in respect to " court proceedings."

In section 2 of the Code of Civil Procedure the courts of record were named, and among them is " the Recorder's Court of the City of Oswego." Section 3 enumerates " courts not of record." Section 4 declares " each of these *courts* shall continue to exercise the jurisdiction and powers *now* vested in it by law, according to the course and practice of the *court*, except as otherwise prescribed in this act." These sections are dealing with " courts," not with the *officers* or the chamber powers of the officers who may, as part of their judicial duties require, sit in and hold such courts.

We find nothing in these provisions, or the notes of Mr. Throop in respect thereto, which advances any support to the contention of the appellant. Those sections do not add to or take from the powers of the respective magistrates connected with the courts referred to. It is contended by the appellant that the commission

to revise the laws had its origin in a design to have the laws in respect to the *practice* revised. That may be conceded, as such was probably the intent of the legislature. (Chap. 33, Laws of 1870; chap. 467, Laws of 1873.) But we must bear in mind that laws relating to practice and laws conferring powers upon judicial officers are widely different. The latter do not always come within the classification of " practice laws or laws relating to a system of practice." We must look into the acts of the legislature for any authoritative disturbance of statutes conferring powers upon officers.

The court practice may be changed and regulated and systematized without taking away or adding to the functions and powers of officers. The argument built upon the statutes leading to the report of the commissioners does not fortify or make clear the position of the learned counsel, who asserts that the Code of Civil Procedure has taken away from the recorder power to entertain supplementary proceedings in virtue of section 4 of chapter 96 of the Laws of 1857. It may be observed that at the time of the passage of the act of 1857 the county of Oswego was large, geographically, and had a population of about 70,000, and in its territory were several large villages where different attorneys were located and doing business; that elections of judicial officers had been held, which named a county judge, a surrogate among others, residing in different parts of the county; that absences from the city and county of the justice of the Supreme Court were frequent and protracted, caused by the discharge of his duties in other localities. It may reasonably be supposed that the intent of the legislature in passing section 4 of the act of 1857 was to accommodate the needs and conveniences of the public in respect to proceedings supplementary to execution.

The occasions for such accommodations have not ceased, and, therefore, it is not to be supposed, unless clearly made out from legislative action, that the legislative intent has changed or that the Law of 1857 has been repealed. Repeals by implication are not favored. When both statutes may stand and be construed together, it is not the course of the courts to declare the earlier one repealed. Some of the authorities have gone farther than it is necessary to go in this case, by holding that a subsequent general statute does

not repeal a local one when some of the provisions are conflicting. (*Tremain* v. *Richardson*, 68 N. Y., 617.) We have come to the conclusion that section 4 of chapter 96 of Laws of 1857 was not repealed by the Code of Civil Procedure, and that the recorder was authorized to entertain proceedings supplementary to execution and to appoint a receiver in the course of the proceedings. (*Hayner* v. *James*, 17 N. Y., 316; *In re Central Park Commissioners*, 50 id., 493; *People ex rel. Lawrence* v. *Board of Supervisors*, 73 id., 173; *People* v. *Quigg*, 59 id., 83; *Matter of Evergreens*, 47 id., 216; *Excelsior Petroleum Co.* v. *Lacey*, 63 id., 422; *Matter of D. & H. C. Co.*, 69 id., 209; 81 id., 211; *McKenna* v. *Edmundstone*, 91 id., 231; *In re Goddard*, 94 id., 544.)

Section 2434 of the Code of Civil Procedure is relied upon by the appellant. It contains no negative or prohibiting words. It, when read with the act of 1857, is cumulative and not inconsistent with or repugnant to the provision in section 4 of the act of 1857. Our attention has been called to a number of cases by the appellant to the effect that subsequent legislation covering " the whole subject " of former legislation is treated as a substitute for the earlier legislation. (*Heckmann* v. *Pinkney*, 81 N. Y., 211; *Bartlet* v. *King*, 12 Mass., 537; *Culver* v. *Third Nat. Bank of Chicago*, 64 Ill., 528; *Broaddus* v. *Broaddus*, 10 Bush [Ky.], 299.) What we have said is not in conflict with those cases. The subject-matter of the legislation is not alike. The first statute was to provide that " the recorder of Oswego " should have power. The general provision in section 2434 conferred power upon certain *other* and different officers. In short, that section dealt with functions to be exercised by other officers than the officer named in the act of 1857. (*McKenna* v. *Edmundstone*, 91 N. Y., 234.)

This question we have been considering was involved in *Ross* v. *Stilwell* (31 Hun, 453), though it was not much discussed by counsel, and there was no opinion delivered by the court, yet it was passed upon and the power of the recorder asserted. (*Terry* v. *Wait*, 56 N. Y., 91, 94.) As we sustained an order made by him in proceedings supplementary, his power to make such an order was affirmed.

The views now expressed lead us to approve of the conclusion stated at Special Term by Mr. Justice WILLIAMS in his opinion, to

wit, "that the recorder had jurisdiction to make the order in question."

The order should be affirmed, with ten dollars costs and disbursements.

BOARDMAN and FOLLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.