# THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISRAEL P. GRANT and LEWIS M. SMITH, Respondents, v. SAMUEL WARNER, Appellant.

*Supplementary proceedings — the referee cannot compel a witness to be sworn, before the order has been served on the judgment-debtor — the attendance of third persons cannot be enforced except by subpœna — section 2433 of the Code of Civil Procedure, prescribing the manner of reviewing orders in these proceedings, does not apply to orders punishing witnesses for contempt.*

Proceedings supplementary to execution having been instituted against one Ira W. Warner, a judgment-debtor, the referee, on the same day on which the order was granted to examine the judgment-debtor, issued a subpœna, directed to Samuel Warner, the present appellant, requiring him to appear before the referee at the same time and place that the judgment-debtor was required to appear and give evidence, which subpœna was duly served on the appellant, and his fees paid, before the return day named in the order. The judgment debtor was not, at the time the order was granted, within the State, and the order was never served on him, nor did he appear before the referee. The appellant having, in obedience to the subpœna, appeared before the referee was called to the stand, and asked by the referee to be sworn as a witness; acting on the advice of his counsel he refused to be sworn on the ground, which he stated to the referee, that as the order had not been served on the judgment-debtor the referee had no jurisdiction to proceed in the matter.

Upon an appeal by Samuel Warner from an order made in such proceedings, which adjudged him to be guilty of contempt for so refusing to testify, and imposed a fine of nine dollars and four cents, and required the appellant to appear at a place, and on a day named-in the order, to be then and there sworn as a witness for the judgment-creditors, and to answer all proper questions relating to the property of the judgment-debtor, and in the event of his failure so to do to be regarded as in contempt of court.

*Held*, that the appellant was not in any sense a party to the proceedings.

That, before the officer granting the order, or a referee appointed by him to examine the judgment-debtor, could acquire jurisdiction over a witness and compel him to submit to an examination the order must be served on the judgment-debtor and the officer or referee thus acquire jurisdiction over him as well as over the subject-matter.

That, without the personal service of the order, in the manner prescribed by section 2452 of the Code of Civil Procedure, before the time of the return thereof, no jurisdiction was acquired over the person of the judgment-debtor, and all right to proceed in the matter was gone, and any proceedings taken in the matter thereafter would be void.

That the witness showed a reasonable excuse for not consenting to be examined as a witness.

That the provision of the order requiring the appellant to appear before the referee on a future day and submit to an examination, and providing that on his failure so to do he would be deemed guilty of contempt of court, was void for the reason that the proceedings had come to an end, and also because the county judge had no authority to enforce the attendance of a witness in any case by a mere order; as the appearance of a third person on behalf of the parties to the proceeding, to be examined as a witness, can only be enforced by due service of the process of a subpœna as upon the trial of an action.

The respondents contended that this court had no jurisdiction to review the order, because the appellants appealed from the order directly to the General Term, which was not permitted by the provisions of section 2433 of the Code of Civil Procedure.

*Held*, that the mode of review prescribed by that section had no application to an order made in proceedings to punish a witness for contempt, as the provisions of that section were limited to orders which effect only parties to the pending proceedings; that, although the conduct of the witness complained of may have taken place in and as a part of such proceedings, the proceedings to punish him for contempt were original in their character and fully independent of the other proceedings.

APPEAL by Samuel Warner from an order made by the surrogate of Steuben county, acting as county judge in supplementary proceedings, adjudging the appellant guilty of contempt for refusing to testify as a witness before a referee appointed in such proceedings to examine Ira W. Warner, the judgment-debtor, concerning his

property, in an action in which the relators were plaintiffs, and imposing a fine of nine dollars and four cents. Samuel Warner appealed from the order directly to the General Term.

*Francis A. Williams*, for the appellant.

*Baldwin & Baldwin*, for the respondents.

BARKER, P. J.:

The relators instituted proceedings supplementary to execution against Ira Warner, before the surrogate of Steuben county, acting as county judge for that county. The proceedings were founded on the remedy prescribed in subdivision 1, section 2432 of the Code of Civil Procedure. An execution against the property of Ira Warner, the judgment-debtor, having been issued to the sheriff of Steuben county and returned unsatisfied. The order appointed a referee to take the examination of the judgment-debtor, and a day was named in such order on which he was required to appear before the referee and submit to an examination concerning his property. The appellant contends that that order was irregularly allowed, but for all the purposes of this appeal it will be considered as properly granted. On the same day on which the order was granted the referee issued a subpœna, directed to the appellant, requiring him to appear before the referee at the same time and place that the judgment-debtor was required to appear and to give evidence in behalf of the judgment-creditors. This process was duly served on the appellant and his fees paid before the return day named in the order. The judgment-debtor was not, at the time the order was granted, within the State, and the same was never served on him, nor did he appear before the referee. The appellant, in obedience to the subpœna, appeared before the referee, who, at the request of the judgment-creditors, called the appellant to the stand and asked him to be sworn as a witness, and he, on the advice of counsel, refused to be sworn, on the ground, which he stated to the referee, that, as the order had not been served on the judgment-debtor, the referee had no jurisdiction to proceed in the matter. Thereupon the referee adjourned the proceedings to a future day. The intermediate proceedings up to and including the imposition of the fine, need not be stated, for, if the witness was guilty of a contempt in

refusing to be sworn, then no error is claimed by the imposition of the fine. In addition to imposing the fine, the order appealed from contained a provision requiring the appellant to appear at a place and on a day named in said order, to which day and place the proceedings had been adjourned by the referee, and then and there be sworn as a witness for the judgment-creditors, and to answer all proper questions relating to the property of the judgment-debtor, Ira Warner, and in the event of his failing to do so, to be regarded in contempt of court.

The appellant was not in any sense a party to the proceedings. The process required to be served on him required him to appear before the referee as a witness in behalf of the judgment-creditors. They had the right to examine witnesses before the referee for the purpose of discovering the debtor's property, if he had any which could not be reached by execution (Code, § 2444), but before the officer granting the order, or referee appointed by him to examine the judgment-debtor, could acquire jurisdiction over a witness and compel him to submit to an examination, the order must be served on the judgment debtor and the officer or referee thus acquire jurisdiction over him, as well as of the subject matter.

Without the personal service of the order, in the manner prescribed by section 2452, before the time for the return thereof, no jurisdiction was acquired over the person of the judgment debtor and all right to proceed in the matter was gone; and if any proceedings should be taken in the matter thereafter, they would be void. (*Henderson* v. *Stone*, 40 How. Pr., 333; Riddle & Bullard on Sup. Pro., 102.)

As the judgment-debtor could not be disturbed in his property rights by these proceedings for the want of the service of the order, it follows, as matter of course, that third parties could not be detained and required to submit to an examination as witnesses in a matter which could not result in any order or decree which would be of advantage to the judgment-creditor. The right to the process of subpœna and to examine witnesses before the referee was gone as soon as the proceedings were terminated by the action of the parties or by operation of law.

The witness showed a reasonable excuse for not consenting to be examined as a witness. The power of a court to punish a witness

for contempt proceeds not upon the ground of any damage sustained by a suitor in court, but is given to vindicate the dignity of the court, and a perfectly clear case should be established before a resort is had to this extraordinary jurisdiction. (1 Greenleaf on Evidence, § 319.)

The provision of the order requiring the ·appellant to appear before the referee on a future day and to submit to an examination and on his failure to do so, he would be deemed guilty of contempt was also void, for the reason that the proceedings had come to an end; and also because the county judge had no authority to enforce the attendance of witnesses in any case by mere order. The appearance of third persons on behalf of the parties to the proceedings to be examined as witnesses can only be enforced by due service of the process of subpœna as upon the trial of an action. (Code, §§ 852, 2444.) The statute gives the aggrieved party a right of action against a witness who refuses to obey a subpœna duly served in which he may recover the damages he has sustained in consequence of the failure, and fifty dollars in addition thereto. (Code, §§ 853, 855.) In such an action the plaintiff is required to show, in·order to sustain a recovery, that the witness was material, and that he sustained damages from his non-attendance. (*Courtney* v. *Baker*, 3 Denio, 27; *Carrington* v. *Hutson*, 28 ˙Hun, 371.)

It is manifest that the plaintiff could not make a case for the recovery of damages, or for the penalty given by the statute, against the appellant upon the facts disclosed by the record, for the reason that the proceedings were terminated by the failure to serve the order on the judgment-debtor. We think it clear that the witness stated to the referee a good and valid reason for refusing to be sworn, and that he was not guilty of contempt.

The respondents contend that this court has no jurisdiction to review the order, and that the appeal should be dismissed. The objection is based on the provisions of section 2433, which prescribes the manner, and the only manner, of reviewing an order made in supplementary proceedings, and it is admitted that it does not permit of an appeal from such an order directly to the General Term; but the mode of review prescribed by that section has no application to an order made in proceedings to punish a witness for contempt, as the provisions of

that section are limited to orders which affect only parties to the pending proceedings. Proceedings against a witness for contempt for refusing to comply with the process of a subpœna are not to indemnify the aggrieved party against any loss he may have sustained by reason of the refusal of the witness to testify; but are supported for the purpose of vindicating the power and dignity of the court, whose process has been treated by him with contempt. Proceedings for that reason may be carried on against the witness who has refused to testify after the proceedings in which he was subpœnaed to appear has been terminated. Although the conduct of the witness complained of may have taken place pending and as a part of such matter, the proceedings to punish him for contempt are original in their character, and are independent of the other proceedings. An appeal from the order directly to this court was proper under section 1348.

The order appealed from should be reversed, with ten dollars costs and disbursements.

All concur.

Order reversed, with ten dollars costs and disbursements.