(9 App. Div. 29.)

### GIBBS et al. v. PRINDLE.

(Supreme Court, Appellate Division, Third Department. September 22, 1896.)

CONTEMPT—FAILURE TO APPEAR IN SUPPLEMENTARY PROCEEDINGS.
    Defendant is not guilty of contempt in not obeying an order to appear for examination in supplementary proceedings, where the order was served only 3½ hours before the time fixed for the examination, and while defendant was at home alone, three miles from the place of hearing, without any conveyance, and not strong enough to walk that distance.

Appeal from special term, Saratoga county.

Action by David Gibbs and William H. Gibbs against Mary Louisa Prindle. Defendant was adjudged guilty of contempt of court, and appeals. Reversed.

The order from which this appeal is taken adjudges the defendant guilty of contempt in not obeying an order made by a justice of this court on the 20th day of August, 1895, in proceedings supplementary to execution, requiring her to appear and answer concerning her property before a referee, in the village of Saratoga Springs, on the 21st day of August, at 2 o'clock in the afternoon. Such order was not served upon the defendant until half past 10 o'clock in the forenoon of the 21st. The defendant did not appear in response to that order. On the 23d of August, said justice made an order requiring the defendant to show cause before him on August 28th why she should not be punished for contempt in not obeying the order of August 20th. In response to such order, the defendant appeared by attorney, and filed an affidavit, in which she claimed that she was too ill to attend before the referee on August 21st, and that she was not yet able to submit to an examination; also, that she was alone at home all of the 21st until about 6 o'clock p. m.; and that she did not know that she was required to at once attend before the referee. She also produced the affidavit of her physician as to her inability to attend an examination, and of her son as to the fact of her being alone. Counter affidavits were produced by the plaintiffs as to defendant's health, and the justice, without passing upon the question of her contempt on that day, referred the matter to a referee, to take proof as to the condition of her health on the 21st, and as to her ability to appear and be examined. A hearing was had before such referee, occupying, as appears from the bill of expenses rendered, 10 days; and he then made his report, in which he finds that the defendant's health was such that she could have appeared on the 21st, and given answers concerning her property. On notice duly given, such report was confirmed at a special term of this court on the 22d day of February, 1896, and an order made adjudging the defendant guilty of contempt in not obeying the judge's order of August 20th, and imposing upon her, as punishment for such contempt, a fine of $50, and also requiring her to pay the costs and expenses of the supplementary proceedings before the referee, viz. $34, and the costs and expenses of the reference had pursuant to the judge's order of August 28th, amounting to $240.70; making the total $324.70 which she was required to pay. The order further provides that, in case of her default to pay such amount within 15 days after service of a copy of the order, she be imprisoned in the county jail of Saratoga county until fully paid, or until the further order of the court herein. Such order also provides that she appear and answer concerning her property before the referee originally named in the order of August 20th, at the place therein named, on March 5, 1896. From such order this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Davison & Delaney, for appellant.

Ira D. Roods, for respondents.

PARKER, P. J. The defendant was in contempt for not obeying the order of August 20th if she refused or without sufficient excuse neglected to obey it after it had been duly served upon her; otherwise not. Code Civ. Proc. § 2457. Conceding that she was "physically and mentally able to attend and be examined on the 21st of August," as is found by the referee, yet we think the record discloses other facts which furnished to her a sufficient excuse for not so doing. The order, which was served upon her at half past 10 o'clock in the forenoon, required her to appear before the referee, in Saratoga Springs, at 2 o'clock in the afternoon of that day. She was alone in the house when it was served. Her husband and son had both left that morning, at about 7 o'clock, to be absent for the day. The son had with him the horse which the defendant was in the habit of driving, and the only single wagon that was then available for her use. Such

residence was some three miles from the village where she was required to attend, and it is very clear that, in the condition of health in which she then was, it would be unreasonable to require her to have walked that distance.    Such was the situation which confronted her when called upon to appear in Saratoga Springs, at 2 o'clock of that afternoon.    She had no means of getting there, except by walking; no one to leave in charge of their house and premises; and no one to send to represent her or to explain her absence.    These facts clearly appear from the record before us, and, in our judgment, they form a sufficient excuse for her not appearing as required by the order.    Had the order been served the day it was granted, and had the defendant been given an opportunity to prepare over night for her absence the next day, a different case would be presented.    Then means of conveyance could have been arranged for, and other members of the family could have remained in charge of the house.    But, when the moving party in such proceedings attempts to compel the attendance of the debtor on as short a notice as was given in this case, he is very likely to meet with a condition of affairs that will excuse so prompt an attendance, and particularly when the party summoned is a woman in charge of a household, and who may reasonably ask for some assistance and preparation to enable her to attend.    Although the statute does not specify how long a notice must be given in these proceedings, yet it is manifest that a reasonable length of time should be given.    There is nothing in the character of the proceedings, nor in the object to be accomplished by them, that requires undue haste.    We do not intend to hold that in all instances a notice of $3\frac{1}{2}$ hours is to be deemed insufficient.    When the party is resident in the same city or village, and can easily reach the appointed place, a few hours might be a reasonable notice; but we do not think that extraordinary and unreasonable efforts to obey the order upon a few hours' notice should be required of a debtor. We do not discover any willful refusal on defendant's part to obey the order.    Her claim that she was not in a condition of health to be examined, although not sustained by the referee, does not indicate such a refusal.    Her attending physician so advised her.    He also so testified on the hearing, and the evidence repels the idea that he was acting in collusion with her to avoid her examination.    Our conclusion, therefore, is that the defendant neither refused, nor did she without sufficient excuse neglect, to obey the order of August 20th. She should not therefore have been adjudged in contempt, and the order in that respect was erroneous.

This conclusion renders it unnecessary to pass upon the several objections which the appellant makes to the bill of costs and expenses charged against her.    Such costs have, however, been made up with such an utter disregard of the rules regulating the same that we deem it necessary to say that no inference of an approval should be drawn from our omission to specifically point out their numerous errors. It would be difficult to find in the statute any authority for taxing a large majority of the items which the respondent has incorporated in his so-called "bill of costs"; and, had we not reached the conclusion that the defendant should not have been held for contempt, we

would have found it necessary to strike out a very large part of the fine which, under the name of "costs and expenses," has been imposed upon her.

The objection made by the respondents' counsel that no appeal lies from such an order is not well taken. This order is clearly one of those from which an appeal is allowed by section 1356 of the Code of Civil Procedure, and the provisions of section 2433 are not applicable to it.

The order of the special term, therefore, so far as it held the defendant to be guilty of contempt, and imposed a fine upon her, and required her to pay the costs therein specified, is reversed, with costs, with leave to the plaintiffs to apply to the justice who granted the original order of August, 1895, to fix a time at which the defendant shall appear before the referee, pursuant to such order. All concur.