DAVID GIBBS and WILLIAM H. GIBBS, Respondents, v. MARY LOUISE PRINDLE, Appellant.

*Costs belong to the attorney — when they should not be set off against a judgment — nature of a proceeding for contempt.*

The costs recovered in an action, especially where, with the exception of ten dollars, they represent actual disbursements made by an attorney for an insolvent client, should not, on the motion of the adverse party, be applied upon a judgment in his favor against the party to whom the costs were allowed, but should go to the latter's attorney.

The proceeding to punish for a contempt is a special proceeding original in its character and is independent of the proceeding in which the contempt arose.

APPEAL by the defendant, Mary Louise Prindle, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 13th day of October, 1896, directing that certain costs awarded to the defendant, upon an appeal from an order in proceedings by plaintiffs against her for contempt, be set off and applied upon the judgment recovered by the plaintiffs against the defendant, upon

which proceedings supplementary to execution had been instituted, in the course of which the alleged contempt arose.

*Charles M. Davison,* for the appellant.

*Ira D. Roods,* for the respondents.

MERWIN, J. :

On the 1st day of February, 1895, the plaintiffs recovered a judgment against the defendant for $273.59. On the 20th of August, 1895, the plaintiffs obtained an order, in proceedings supplemental to execution, for the defendant to appear and answer concerning her property. The defendant did not appear, and it was claimed by the plaintiffs that she was in contempt. They thereupon instituted proceedings to punish her for such contempt, and after a controversy of some length an order was made adjudging the defendant to be in contempt and imposing a fine. The defendant appealed to the Appellate Division, where the order was reversed, with costs. (*Gibbs* v. *Prindle*, 9 App. Div. 29.) These costs were taxed at the sum of $134. Thereupon the plaintiffs made the motion, upon the hearing of which the order appealed from was made.

The defendant's attorneys claimed to be entitled to the costs. It appears that the items of costs as taxed are, with the exception of ten dollars, disbursements paid by the defendant's attorneys for printing the case and points and other expenses incidental to defendant's appeal from the order adjudging her in contempt. The defendant is insolvent.

The question is whether the claim and lien of the defendant's attorneys are superior to the claim of plaintiffs for offset.

It has been held that the costs recovered in an action belong to the attorney without any assignment. (*Delaney* v. *Miller*, 84 Hun, 244; *Bevins* v. *Albro*, 86 id. 590; *Tunstall* v. *Winton*, 31 id. 219.) In the case last cited it was held that the costs, awarded to a defendant upon a successful appeal from an order made in the course of an action, belonged to the attorneys and could not be set off against the general costs finally awarded to the plaintiff.

If the costs in question belonged to the attorneys, then the set-off was improper.

The plaintiffs claim that the matter of set-off is within the discre-

tion of the court, and that, as defendant is insolvent, their right to a set-off is superior to the claim of the attorneys. The circumstance of insolvency may affect the attorneys as well as the plaintiffs. The plaintiffs, as the court finally held, were in the wrong, and the attorneys with their money and services enabled the defendant to obtain redress. The proceeding to punish for contempt is itself a special proceeding (_Erie Railway Co._ v. _Ramsey_, 45 N. Y. 637), and is said to be original in its character and fully independent of the proceeding in which the contempt arose. (BARKER, P. J., in _People ex rel. Grant_ v. _Warner_, 51 Hun, 53, 58.)

If the set-off was discretionary, the plaintiffs did not, we think, present a case calling for the exercise of that discretion in their behalf.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concurred, except PUTNAM, J., not acting.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.