GIBBS et al. v. PRINDLE.

(Supreme Court, Appellate Division, Third Department. December 8, 1896.)

ATTORNEY'S LIEN—PRIORITY—COUNTERCLAIM.

Where the costs awarded to defendant on a successful appeal by him include disbursements paid by his attorney for printing and for other expenses incident to the appeal, and defendant is insolvent, the attorney's

claim to the costs is superior to plaintiff's claim for an offset of them on a judgment on the merits.

Appeal from special term, Saratoga county.

Action by David Gibbs and another against Maria Louisa Prindle. From an order directing that certain costs awarded to defendant on an appeal from an order in proceedings by plaintiffs against defendant for contempt be set off and applied on the judgment recovered by plaintiffs against defendant, on which proceedings supplementary to execution had been instituted, in the course of which the alleged contempt arose, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Davison & Delaney, for appellant.
Ira D. Roods, for respondents.

MERWIN, J. On the 1st day of February, 1895, the plaintiffs recovered a judgment against the defendant for $273.59. On the 20th August, 1895, the plaintiffs obtained an order, in proceedings supplemental to execution, for the defendant to appear, and answer concerning her property. The defendant did not appear, and it was claimed by the plaintiffs that she was in contempt. They thereupon instituted proceedings to punish her for such contempt, and, after a controversy of some length, an order was made adjudging the defendant to be in contempt, and imposing a fine. The defendant appealed to the appellate division, where the order was reversed, with costs. Gibbs v. Prindle, 9 App. Div. 29, 41 N. Y. Supp. 132. These costs were taxed at the sum of $134. Thereupon the plaintiffs made the motion upon the hearing of which the order appealed from was made.

The defendant's attorneys claimed to be entitled to the costs. It appears that the items of costs as taxed are, with the exception of $10, disbursements paid by the defendant's attorneys for printing the case and points and other expenses incidental to defendant's appeal from the order adjudging her in contempt. The defendant is insolvent. The question is whether the claim and lien of the defendant's attorneys are superior to the claim of plaintiffs for offset. It has been held that the costs recovered in an action belong to the attorney without any assignment. Delaney v. Miller, 84 Hun, 244, 32 N. Y. Supp. 505; Bevins v. Albro, 86 Hun, 590, 33 N. Y. Supp. 1079; Tunstall v. Winton, 31 Hun, 219. In the case last cited it was held that the costs awarded to a defendant upon a successful appeal from an order made in the course of an action belonged to the attorneys, and could not be set off against the general costs finally awarded to the plaintiff. If the costs in question belonged to the attorneys, then the set-off was improper. The plaintiffs claim that the matter of set-off is within the discretion of the court, and that, as defendant is insolvent, their right to a set-off is superior to the claim of the attorneys. The circumstance of insolvency may affect the attorneys as well as the plaintiffs. The plaintiffs, as the court finally held, were in the wrong, and the attorneys, with their money and services, enabled the de-

fendant to obtain redress. The ·proceeding to punish for contempt is itself a special proceeding (Railway Co. v. Ramsay, 45 N. Y. 637), and is said to be original in its character, and fully independent of the proceeding in which the contempt arose (Barker, P. J., in People v. Warner, 51 Hun, 53, 58, 3 N. Y. Supp. 768). If the set-off was discretionary, the plaintiffs did not, we think, present a case calling for the exercise of that discretion in their behalf.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.