(20 Misc. Rep. 676.)

MAAS v. McENTEGART et al.

(City Court of New York, General Term.   July 2, 1897.)

SUPPLEMENTARY PROCEEDINGS—JURISDICTION.
>    Consent of rival claimants will not confer upon a court jurisdiction to settle
>    their dispute as to a fund in supplementary proceedings.

Appeal from order confirming report of referee.

Supplemental proceedings in aid of an execution on a judgment in favor of Frederick W. Maas against James McEntegart and another. From an order confirming a referee's report, James J. Fitzgerald, a claimant to a fund, appeals.   Reversed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

J. F. Fitzgerald, for appellant.
W. K. Klinker, for respondent.

SCHUCHMAN, J.   This is an appeal from an order confirming a referee's report, made pursuant to an order in supplementary proceedings, made and entered on consent of both claimants, referring to a referee the question "of ownership of a certain fund on deposit with a third party, and the question as to who is entitled to the whole or any part of the money thus deposited."   The appellant maintains that this court is without jurisdiction, and that his said consent does not confer jurisdiction of the subject-matter upon this court.   Supplementary proceedings are special proceedings, and the court has not, and cannot confer, greater jurisdiction than what is conferred by statute.   The established rule of law is:

>    "Whenever a substantial dispute arises as to the ownership of a certain fund
>    between rival claimants, the court cannot settle such dispute in supplementary
>    proceedings, but should leave the parties to their action."   Krone v. Klotz, 3 App.
>    Div. 587, 38 N. Y. Supp. 225.

The facts in this matter reveal substantial dispute.   The respondent may apply for the appointment of a receiver, who can bring an action.

Order appealed from reversed, without costs.   All concur.