the goods with Mr. Beatty, saying that he had already gone over them with Mr. Friedman. He would not even look at Mr. Beatty's list of the articles and the values put upon them. He said he did not have time, and he scarcely listened to anything that Mr. Beatty said. Such was the account of Mr. Wechsler's conduct given by Mr. Beatty, and, although Mr. Friedman described it differently, the trial judge was authorized to accept the statement of the plaintiff's appraiser. His testimony indicates quite clearly that the umpire reached a determination in favor of the defendant after hearing the defendant's side of the case only, and practically refusing to hear the appraiser for the plaintiff. A decision made in this manner cannot be allowed by a court of equity to stand.

In the opinion at special term, reference is made to the fact that the umpire was not sworn; but the formal decision does not mention this as one of the grounds upon which the judgment was rendered, nor does the respondent's counsel, in his brief, cite any authority in support of the objection. It need not be passed upon, in view of our conclusion that the judgment can be and should be sustained by reason of the umpire's refusal and neglect properly to discharge his duties, irrespective of any other point discussed upon the trial or on this appeal.

Judgment affirmed, with costs.    All concur.

---

(21 Misc. Rep. 373.)

### FIRST NAT. BANK OF NEWVILLE, PA., v. YATES.

(Supreme Court, Special Term, Monroe County. September, 1897.)

SUPPLEMENTARY PROCEEDINGS—SECURITY FOR COSTS.
    Plaintiff in supplementary proceedings cannot be required to give security for costs, since said proceedings, though made special proceedings by Code Civ. Proc. § 2433, are not such within the meaning of section 3279, c. 21, tit. 3, which declares that the provisions of said title (relating to security for costs) shall apply to "a special proceeding instituted in a court of record."

Action by the First National Bank of Newville, Pa., against Arthur G. Yates. Motion to vacate an order requiring plaintiff to file security for costs in proceedings supplementary to execution. Granted.

John R. Fanning, for plaintiff.
Nathaniel Foote, for defendant.

NASH, J. By section 3279 of the Code of Civil Procedure, the sections of title 3 of chapter 21, relating to security for costs, are made applicable to special proceedings, and by section 2433 a supplementary proceeding is made a special proceeding. But while the order requiring the plaintiff here to file security for costs is within the letter of the statute, in this: that a proceeding to compel the examination of a judgment debtor is deemed a special proceeding, I am of the opinion that it is not within the spirit of the statute authorizing security for costs, and not strictly within the letter. It is provided by section 3279 that "the foregoing sections of this title ["Se-

curity for Costs"] apply to a special proceeding instituted in a court of record." Sections 3333 and 3334, which give the definition of an action and a special proceeding, provide (section 3333) that the word "action," when applied to a judicial proceeding, signifies an ordinary prosecution in a court of justice by a party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense; (section 3334) that every other prosecution of a party for either of the purposes specified in the last section is a special proceeding. Mr. Throop says in his note to section 2433 that the section is new, and intended to settle various doubtful questions; that the commissioners, being bound to solve the doubt, thought it best to provide expressly that they should be deemed distinct, special proceedings; that, although the court of appeals in the meantime had solved the doubt the other way, it seemed to the commissioners that their original disposition of the matter established the most convenient rule. And he says that the determination of the point was chiefly important as affecting questions relating to either (1) jurisdiction; (2) the statute of limitations; (3) the power of interference on the part of another judge; and (4) the mode of review. It appears from this that the object of making supplementary proceedings special proceedings was for the purpose of a more complete and perfect system of compelling a discovery by the judgment debtor, and the application of his property for the payment of the judgment; and, although made special proceedings, they are still regarded as special proceedings in the action auxiliary to the purpose of enforcing the collection of the judgment. Smith v. Tozer, 42 Hun, 25. And while they are prosecuted for the purpose of the enforcement of a right, and in a sense instituted in court, because it is a proceeding in the action, they are not a proceeding in court to determine a right, but a proceeding instituted before a judge out of court for an order to examine the judgment debtor, as to the granting of which he cannot be heard. They are not, therefore, a proceeding in court prosecuted by a party for the ascertainment of a right, as provided by section 3334, but a proceeding given to a party by statute as a matter of absolute right, and not within the meaning of section 3279. My conclusion is that section 3279 is not applicable to supplementary proceedings.

It may be further observed that there is no occasion for a statute requiring the plaintiff or a defendant who has recovered judgment, instituting these proceedings, to give security for costs. The judgment debtor has ample security in the judgment upon which he is indebted. Costs which may be awarded to him can always be set off against the judgment, to the extent of his recovery of costs, and it is the practice to direct that such costs be deducted from the judgment.

Motion granted, and, as the question is new, without costs.