### In re BACKUS.

(Supreme Court, Appellate Division, First Department. February 11, 1904.)

1. EXAMINATION OF JUDGMENT DEBTOR—REFUSAL TO ANSWER—CONTEMPT.

Code Civ. Proc. § 2442, relative to supplemental proceedings, provides that an order for examination of a party may require his attendance and examination before a referee. Section 2457 provides that a person who refuses to obey an oral direction given him by a referee in the course of the special proceeding may be punished as for a contempt. Held, that one who refused to answer questions put to him by a referee before whom he had been brought under section 2442 was guilty of contempt.

2. SAME—CONTEMPT—JURISDICTION—STATUTES.

Code Civ. Proc. § 2457, relative to supplemental proceedings, provides that a person who refuses to obey an oral direction given him by a judge or referee in the course of the special proceeding may be punished by the judge or by the court out of which the execution was issued as for a contempt. Section 2269 provides that where, in contempt proceedings, a warrant is not issued in the first instance, the court must, on being satisfied of the commission of the offense, make an order requiring accused to show cause, etc. Section 2273 provides that the order to show cause may be made either before or after final judgment in the action, or the final order in the special proceeding; that it is equivalent to a notice of motion, and the subsequent proceedings thereupon are taken in the action or special proceeding as upon a motion made therein. The Code requires a proceeding to examine a judgment debtor to be instituted in the county of the debtor's residence. Held, that where a judgment was recovered in New York county, and proceedings for an examination of the judgment debts were instituted in Rensselaer county on an order of the county judge thereof, and the debtor was guilty of contempt before the referee in the proceedings, contempt proceedings could not be instituted in New York county before a justice of the Supreme Court, but only in Rensselaer county, and in the special proceeding.

Laughlin and O'Brien, JJ., dissenting in part.

Appeal from Special Term, New York County.

Proceedings to punish Frances A. Backus for contempt. From an order granting a motion to punish, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John L. Hille, for appellant.
Henry D. Merchant, for respondent.

INGRAHAM, J.　One Henry D. Merchant recovered a judgment in the Supreme Court, New York county, against Frances A. Backus, the appellant, upon which execution was issued, and returned unsatisfied.　The defendant resided in Rensselaer county.　After the return of this execution unsatisfied, the judgment creditor obtained an order from the county judge of Rensselaer county which required the judgment debtor to appear before a referee named in the order at his office in the city of Troy, Rensselaer county, to submit to an examination respecting her property.　This order was served upon the judgment debtor, who subsequently, with her counsel, appeared before the referee. The judgment creditor then sought to examine the judgment debtor, when she refused to answer questions, and refused to obey the directions of the referee; and, when the referee insisted upon her answering questions, the judgment debtor and her attorney left the office of the referee.　The judgment creditor thereupon obtained from a justice of the Supreme Court, in the First Judicial District, an order requiring the judgment debtor to show cause why she should not be punished for contempt, returnable at a Special Term of the Supreme Court held in the county of New York.　Upon the return of this order to show cause, the judgment debtor appeared and submitted, as a preliminary objection to the hearing of the motion, that the defendant resides in the county of Rensselaer; that the special proceedings instituted for her examination in supplementary proceedings were instituted before the county judge of Rensselaer county, and any proceedings in reference thereto must either be taken before the county judge of Rensselaer county, or the Supreme Court of the Third Judicial District.　The court overruled the objections, and punished the judgment debtor for contempt.

The supplementary proceedings are regulated by the Code of Civil Procedure, and this proceeding was authorized by subdivision 1 of section 2432 of the Code.　The execution upon which that proceeding was founded was issued out of the Supreme Court to the sheriff of Rensselaer county, where the judgment debtor resided, and the proceeding was instituted before the county judge of that county under section 2434 of the Code.　By the order of the county judge, the judgment debtor was required to attend and be examined before a referee designated in the order, as provided for by section 2442 of the Code.　The judgment debtor appeared before such referee and was sworn, but refused to answer questions and to obey the directions of the referee, and was therefore guilty of contempt, under section 2457 of the Code, which provides that:

"A person who refuses to obey * * * an oral direction, given directly to him by a judge or referee, in the course of the special proceeding * * * may be punished by the judge or by the court out of which the execution was issued, as for a contempt."

There is no further provision in the article regulating supplementary proceedings as to the method of enforcing punishment.　Section 2266 of the Code provides that:

"In a case specified in section fourteen of this act, or in any other case where it is specially prescribed by law, that a court of record, or a judge thereof, or a referee appointed by the court, has power to punish, by fine and imprison-

ment, or either, or generally as a contempt, a neglect or violation of duty, or other misconduct; and a right or remedy of a party to a civil action or special proceeding pending in the court, or before the judge or the referee, may be defeated, impaired, impeded, or prejudiced thereby, the offence must be punished as prescribed in this title."

An application to punish a judgment debtor under section 2457 of the Code is therefore regulated by that title. Section 2268 of the Code provides that a warrant may issue in the first instance; and section 2269, that, where a warrant is not issued, the court or judge must, upon being satisfied by affidavit of the commission of the offense, make an order requiring the accused to show cause before it or him, at a time and place therein specified, why the accused should not be punished for the alleged offense. Section 2273 provides that this order to show cause may be made either before or after final judgment in the action, or the final order in the special proceeding; that it is equivalent to a notice of motion, and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein.

This judgment creditor was entitled to an order requiring the judgment debtor to show cause why she should not be punished, which thereupon became, under section 2273 of the Code, an application in that special proceeding pending before the judge who issued the order. Under the provisions of the Code in relation to these supplemental proceedings, a proceeding to examine a judgment debtor has to be instituted in the county in which the judgment debtor resides, and, when that proceeding was there instituted, all subsequent applications to enforce an order in that proceeding must be in that proceeding, and must be determined in the county in which it was instituted. As that proceeding is still pending, the judgment debtor can only be punished by an application made in that proceeding.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion dismissed, with $10 costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

LAUGHLIN, J. (dissenting). The judgment upon which supplementary proceedings were instituted was recovered in the Supreme Court in the First District. The judgment debtor resided in Rensselaer county. A transcript of the judgment was docketed in that county, and an execution duly issued to the sheriff thereof was returned unsatisfied. Thereupon the supplementary proceedings were instituted before the county judge of Rennselaer county, who made an order requiring the judgment debtor to appear before a referee for examination. She appeared before the referee, but refused to answer questions and to obey the directions of the referee in that regard. The judgment creditor then moved, upon an order to show cause, returnable in the First District, for an order punishing the judgment debtor for contempt. There can be no question but that the moving papers show that the judgment debtor was guilty of contempt. The order adjudging her in contempt should therefore be sustained, unless her contention that the motion could not be made in the First District is well founded.

By virtue of the provisions of section 2434 of the Code of Civil Procedure, the supplementary proceeding might have been instituted either before a judge of the Supreme Court, or the county judge of Rensselaer county. It is not a proceeding in court, and could not be instituted by a court order. Douglass v. Mainzer, 40 Hun, 75; Matter of Wright, Peters & Co., 73 App. Div. 77, 76 N. Y. Supp. 775. Being a statutory proceeding, the intent of the Legislature that the examination shall be had in the county where the judgment debtor resides or transacts business must be given full effect, even though the proceeding is instituted before a justice of the Supreme Court in another district. Peck v. Baldwin, 58 Hun, 308, 11 N. Y. Supp. 792, affirmed in 131 N. Y. 567, 30 N. E. 64. The judge granting the order for the examination of the judgment debtor was authorized by section 2442 of the Code of Civil Procedure to provide that the examination should be had before a referee designated in the order, as was done in this case. The order was duly served on the judgment debtor, and her appearance before the referee was pursuant to the requirements thereof. Section 2457 of the Code of Civil Procedure provides, among other things, that a judgment debtor who, under such circumstances, "refuses or without sufficient excuse neglects to obey * * * an oral direction, given directly to him, by a judge or referee, in the course of the special proceeding * * * may be punished by the judge, or the court out of which the execution was issued, as for a contempt." No proceeding for the punishment of the judgment debtor was instituted before the county judge. The judgment creditor has proceeded upon the theory that this provision of the Code authorizes the court out of which the execution was issued to entertain the contempt proceeding. Under the Code of Procedure, which contained no special provision giving the court concurrent jurisdiction to punish in such cases (Code Proc. § 302), it was held that the Supreme Court at Special Term possessed inherent power to punish for contempt where the supplementary proceeding in which the contempt was committed was instituted before a county judge. Tremain v. Richards, 68 N. Y. 617; Lathrop v. Clapp, 40 N. Y. 328, 100 Am. Dec. 493; Wicker v. Dresser, 13 How. Prac. 331. There can be no question, therefore, now, especially in view of this express statutory provision, but that the court out of which the execution was issued has jurisdiction to punish for the contempt.

The appellant, as I understand her counsel's argument, concedes that the court has concurrent jurisdiction with the county judge to punish the judgment debtor; but she contends that the supplementary proceeding is a special proceeding pending in Rensselaer county, and that the motion, if made in the Supreme Court, must therefore be made in the judicial district embracing that county. I find no warrant for this contention either in the Code or in the decisions of the courts. Prior to the Code of Civil Procedure, proceedings supplementary to execution were deemed special proceedings in the action, and motions to punish for a contempt committed in such proceedings were properly entitled in the action. Erie Railway Co. v. Ramsey, 45 N. Y. 637; Wright v. Nostrand et al., 94 N. Y. 31. These remedies

are now declared special proceedings (Code Civ. Proc. § 2433), but, where the execution is issued out of the Supreme Court, no direct appeal from the order is granted, and it may only be reviewed by the judge or by an application to the Supreme Court.

It is unnecessary to consider the purpose of the Legislature in declaring these remedies special proceedings, for it is clear that they are not independent special proceedings. They are special statutory auxiliary proceedings in the action in aid of the purpose of the action, which is not merely to obtain a judgment, but to have it satisfied, and the action itself continues until the judgment is satisfied. Smith v. Tozer, 42 Hun, 25; Matter of Crane, 81 Hun, 96, 30 N. Y. Supp. 616; Moschell v. Boor (Sup.) 21 N. Y. Supp. 683; First Nat. Bank v. Yates, 21 Misc. 373, 47 N. Y. Supp. 484; First Nat. Bank v. Martin (Sup.) 2 N. Y. Supp. 315. A receiver appointed in supplementary proceedings must also be appointed where the judgment debtor resides; but this is because such appointment is made by the judge before whom the proceeding is returnable, and the court is not authorized to make the appointment, and the proceeding, if returnable before a justice of the Supreme Court, must be returnable before a justice in the district where the debtor resides or regularly transacts business. Code Civ. Proc. § 2464; Merrill v. Allin, 46 Hun, 623; Gildersleeve v. Lester, 69 Hun, 344, 23 N. Y. Supp. 471. The receiver, however, then becomes an officer of the court, and is subject to the direction and control of the court, and not of the judge by whom he is appointed. Code Civ. Proc. § 2471. Motions, then, as I understand it, by or against the receiver, are in the action; and the judgment debtor may, by an order of the court made in the action, be compelled to deliver and transfer personal property to the receiver. The contempt proceeding itself, when instituted before the court, at least, is in the nature of an original special proceeding in the action, and not a proceeding in the supplementary proceeding. Marshal v. Raplee, supra; People ex rel. Grant v. Warner, 51 Hun, 53, 3 N. Y. Supp. 768, affirmed in 125 N. Y. 746, 27 N. E. 407; Gibbs v. Prindle, 11 App. Div. 470, 42 N. Y. Supp. 329; Erie Railway Co. v. Ramsey, supra. I think this clearly appears by the provisions of section 2273 of the Code of Civil Procedure regulating the procedure in contempt cases, which are as follows:

"An order to show cause may be made, either before or after the final judgment in the action, or the final order in the special proceeding. It is equivalent to a notice of motion, and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made thereunder."

The special proceedings to which this section relates are, I think, independent special proceedings, and not special proceedings in an action. In supplementary proceedings there is, strictly speaking, no final order, but there is in all independent special proceedings. I see no greater hardship in the judgment debtor answering a proceeding to punish for contempt before the court in the district where the action is triable, than in appearing upon the trial and upon other motions in the action which must necessarily be made there. Section 769 of the Code provides that motions upon notice in an action in the Supreme

Court triable in the First District must be made there, and the section contains the following exception:

"But this section does not apply to a case where it is specially prescribed by law that a motion may be made in the county, where the applicant, or other person to be affected thereby, or the attorney resides."

As has been seen, there are special provisions prescribing where the judgment debtor and a third party may be examined in supplementary proceedings (Code Civ. Proc. § 2459), and where the motion for the appointment of a receiver must be made (Code Civ. Proc. § 2464); but I find no provision applicable to actions in the Supreme Court either requiring or authorizing the making of a motion for the punishment of a judgment debtor by the court for contempt either in the county where she or her attorney resides, or elsewhere than pursuant to the general requirements of section 769. In Graves v. Scoville, 12 Civ. Proc. R. 165, affirmed in 102 N. Y. 676, where a judgment was recovered in the City Court of Brooklyn, it was held that an order made by one of the judges of that court might require a third party who resided in the county of New York to appear and be examined before a referee in New York, and was valid. It follows, necessarily, by virtue of the provisions of section 2457, that the City Court of Brooklyn could have punished the witness for any contempt of court committed before the referee in another district. If the contention of the appellant be sustained, this is a greater power than is possessed by the Supreme Court, for the Supreme Court in the Second District could not, according to the view of her counsel, punish a contempt committed in supplementary proceedings in another district, even upon its own judgment. If the execution has been issued out of the county court upon a transcript filed in another county, the court having power by virtue of the provisions of section 2457 to punish for a contempt, the motion might be made in the county court where the action was tried, even though the examination of the judgment debtor was had in another judicial district. Here the county court would be exercising greater power than it is claimed is possessed by the Supreme Court. It is, of course, clear, both under the Constitution and the Code of Civil Procedure, that the county court in each county is a separate and distinct court. It must be borne in mind that this is not a contempt proceeding merely to avenge the dignity of the court, but to enforce the rights of the plaintiff in the action. What he desires is the collection of his judgment. The supplementary proceeding was instituted in furtherance of that end. The primary object of the rights and remedy of the judgment creditor, which the contemptuous conduct of the judgment debtor tends to impede or defeat (Code Civ. Proc. § 2269), is to have her property applied to the payment of his judgment. In this he is entitled to the aid of the court. The jurisdiction which the court has acquired over the defendant in the action and the judgment constitute the basis for the proceedings supplementary to execution. When it is necessary to make an application to the court, as distinguished from the justices of the court, I fail to find any authority or see any good reason for making the application elsewhere than in the judicial district where the action is pending. I think that the orderly administration of justice requires that, when an

application is made to the Supreme Court for the punishment of a judg-
ment debtor for a contempt committed upon an examination in proceed-
ings supplementary to execution upon a judgment of that court, it
should be made in the judicial district in which the action is triable.

If these views are correct, it follows that the order should be af-
firmed, with $10 costs and disbursements.

O'BRIEN, J., concurs.