### HARRIS v. WEISS.

(Supreme Court, Special Term, New York County. April 17, 1906.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR—NATURE OF PROCEEDING.

By Code Civ. Proc. § 2433, each of the three remedies provided for the examination of a judgment debtor by section 2432 is a special proceeding. Section 3333 defines an "action" as an ordinary prosecution in a court of justice by one party against another for the enforcement of a right, etc. Under section 3334 every other prosecution by a party for either of the purposes specified in section 3333 is a special proceeding. Under section 3343, subd. 20, the same meaning is to be given to the term "special proceeding," wherever found in the Code, unless a contrary intent is expressly declared, etc. The commissioners on the revision of the statutes, in a note referring to section 2433, state that it was deemed best to provide that the supplementary proceedings provided by section 2432 should be deemed distinct special proceedings. *Held*, that each of the remedies provided by section 2432 is a special proceeding, and should be prosecuted as such, and not as proceedings in the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1091.]

Action by one Harris against one Weiss. Defendant moves to vacate an order for his examination supplementary to execution. Order vacated, with leave to plaintiff to apply for an order in a special proceeding.

Coombs & Wilson, for plaintiff.

Gustavus A. Rogers, for defendant.

CLINCH, J. A motion has been made to vacate an order for the examination of the defendant in proceedings supplementary to execution. The order was made in the action. Prior to the passage of title 12 of the Code of Civil Procedure (chapter 178, p. 323, of Laws 1880) proceedings supplementary to an execution were proceedings in the action in which the judgment was recovered. Title 12 of chapter 17 was substituted for the provisions of the chapter of the Code of Procedure entitled, "Proceedings supplementary to the execution" (see revision commissioners' note). By section 2433 each of the three remedies under section 2432 in proceedings supplementary to an execution is made a special proceeding. Section 3333 of the Code provides that:

"The word 'action,' as used in the new revision of the statutes, when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense."

Section 3334 provides that:

"Every other prosecution by a party, for either of the purposes specified in the last section, is a special proceeding."

Section 3343 provides that in construing the act the rules set forth in this section must be observed, except when a contrary intent is expressly declared in the provision to be construed or plainly apparent from the context thereof, and one of the rules (subdivision 20) is that the word "action" refers to a civil action and the term

"special proceeding" to a civil special proceeding. This provision requires that the same meaning shall be given to the term "special proceeding" wherever it occurs in the Code, unless a contrary intent is expressly declared in the provision to be construed or is plainly apparent from the context thereof. That construction of a statute must be adopted which will effectuate, so far as possible, the intent of the framers of the statute and obviate the anticipated ends which were the occasion thereof. In re O'Neil, 91 N. Y. 520. The commissioners on the revision of the statutes, in their note referring to section 2433, state that the entire section is new and was intended to settle various doubtful questions. The commissioners add:.

"At the time when this title was drafted the question whether supplementary proceedings were proceedings in the action or distinct special proceedings had been the subject of an almost endless diversity of opinion. The commissioners, being bound to solve this doubt, thought it best to provide expressly that they should be deemed distinct special proceedings. Subsequently the Court of Appeals apparently solved the doubt the other way, by ruling that they were proceedings in the action. But it would have required a redrafting of this article to conform it to that theory, and, although the decision was doubtless correct under the law as it stood, it seemed to the commissioners that their original disposition of the matter established the most convenient rule."

I am, therefore, constrained to hold, for the reasons already assigned, and also because of the exact language of section 2433, that each of the remedies provided by section 2432 in proceedings supplementary to an execution against property is a special proceeding and should be prosecuted as such. The decisions heretofore made respecting the subject-matter herein discussed are not altogether harmonious. See Smith v. Tozer, 42 Hun, 22; First Nat. Bank v. Yates, 21 Misc. Rep. 373, 47 N. Y. Supp. 484; Milliken v. Thompson, 12 Civ. Proc. R. 168; Maass v. McEntegart, 20 Misc. Rep. 676, 46 N. Y. Supp. 534.

The order for the defendant's examination will be vacated, with leave to plaintiff to apply for an order in a special proceeding.