ESTELLE GOLDBERG, Plaintiff, *v.* MAX ORNSTEIN, Appellant. LEONARD FELDMAN, Attorney for the Plaintiff, Respondent.

First Department, April 10, 1931.

*Emanuel Greenberg,* for the appellant.

*Leonard Feldman,* respondent, in person.

FINCH, P. J. Defendant appealed to the Appellate Term from a denial of a motion, begun by order to show cause, to punish for contempt the attorney for plaintiff. The Appellate Term held the order not appealable.

Appellant bases the motion to punish for contempt upon the fact that the trial court stayed execution for five days after the entry of judgment, whereas the attorney for plaintiff issued execution immediately following the entry of judgment.

The order appealed from was to punish a third party, who is not a party to the action. Such an order is always a final order and is appealable. (*People ex rel. Grant* v. *Warner,* 51 Hun, 53; affd., 125 N. Y. 746; *Matter of Strong* v. *Randall,* 177 id. 400.)

On the merits, however, the motion to punish for contempt must be denied, since this record shows the alleged contempt to have been a mere inadvertence and not a willful act amounting to a contempt of court. It is true that the court enjoined the issuing of execution on the judgment for five days following the entry of judgment, and that plaintiff entered judgment and issued execution simultaneously. Plaintiff, however, had delayed entering the judgment for nineteen days. Hence no contempt of court was intended or is shown.

It follows that the determination of the Appellate Term dismissing the appeal should be reversed, but that the order of the Municipal Court declining to punish for contempt should be affirmed, without costs in this court or in the Appellate Term.

MERRELL, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Determination reversed and order of the Municipal Court affirmed, without costs in this court or in the Appellate Term.