---

# SUPREME COURT.

## JOSEPH C. WICKER agt. HORACE DRESSER.

The *court* has the *inherent power*, in a general sense, of punishing, as a *contempt*, disobedience to orders made by *judges out of court.* It is a power essential to the efficacious existence of a judicial tribunal.

This power has not been taken away from the court by any provisions of the Code relating to *supplementary proceedings.* On the contrary, the Code in the sections in reference to these proceedings, plainly recognizes such power.

Because the power, in these proceedings, to punish for contempt, is by the Code (§ 302) conferred on the *judge* before whom the proceedings have been commenced; and, in the first judicial district, on any judge before whom such proceedings have been continued, where they have been commenced before another judge, it does not follow that the *court is divested,* by implication, of the inherent general power, which it has always possessed and exercised, of enforcing the orders of its judges out of court, and of punishing disobedience to them as a contempt, calculated to impair its dignity and efficiency. (*See the case of Shepherd* agt. *Dean, N. Y. Com. Pleas, ante page* 173, *taking an adverse view of the question.*)

*New-York Special Term, Jan.* 1857.

HORACE DRESSER, *in person.*
R. W. VAN PELT, *for plaintiffs.*

CLERKE, Justice. The plaintiff in this action procured an order from Judge DAVIES, acting as a judge out of court, pursuant to the chapter of the Code relating to " proceedings supplementary to the execution," requiring the defendant to appear before him to be examined under the provisions of § 292.

The defendant having failed to attend, an order was issued by the same judge, citing him to show cause why an attachment should not issue against him for disobeying the first order. He also failed to attend to show cause, and Judge DAVIES presiding at a special term of this court, afterwards granted an order (Oct. 11, 1856,) adjudging the defendant guilty of a contempt, and granting an attachment against him, unless defendant should submit to an examination, on the 13th Oct. 1856, before Wm. H. Dusenberry, Esq., and pay, at that time, $10 costs of the motion. This motion, at special term, was opposed in person by the defendant. On the report and certificate of the referee, showing that the defendant neglected to attend before him, in obedience to this order, and on proof of the due service of a certified copy of the order, the plaintiff obtained an order at special term before Judge CLERKE, on the 16th of December, 1856, that the attachment allowed by the last preceding order issue against the defendant. On this attachment he was brought up in custody of the sheriff before Judge CLERKE, at a special term on the 19th of December, 1856. The defendant craved time to purge himself of the contempt; the court, accordingly, ordered the plaintiff to file interrogatories forthwith, and gave the defendant ten days to answer, adjourning the further hearing of the matter until the 30th of December, 1856. On that day both parties appeared; the defendant stating that he had not filed his answers to the interrogatories in consequence of having appealed from the last order of the special term, having filed security for costs, and asking a stay of proceedings until the decision of the general term on the appeal. The defendant appeals on the ground that the supplementary proceedings having been commenced before a judge out of court, pursuant to the provisions of the Code, a judge out of court could alone punish the alleged contempt, and that the court, in such cases, has no power to institute or consummate measures to punish such contempt; in short, that the contempt is not a contempt affecting the court, but a judge out of court.

I. This amounts to a denial that this court has the power to punish disobedience to a judge's order. Is it true, as a general

Wicker agt. Dresser.

proposition, that there is no mode of enforcing obedience to orders made by judges at chambers, in the various and numerous collateral or incidental proceedings in an action? because, if the court have not the power, the judges, acting out of court, do not possess it, except where it is given expressly by statute.

But it is only necessary to examine any elementary book, and to look at the practice daily before us, to be convinced that this proposition is entirely untenable. The court has the inherent power, in a general sense, of punishing, as a contempt, disobedience to orders made by judges out of court, and has never hesitated to exercise it. It is a power essential to the efficacious existence of a judicial tribunal: without it a considerable portion of its directions, either before or after judgment, could not be enforced; and its control over the action would be impaired, if not practically lost.

These difficulties would be incalculably increased under our present system, particularly in the first judicial district; as the Code (§ 401) expressly allows the judges of that district to hear, out of court, "all motions, except for a new trial;" not extending, however, to the granting of judgments, except in an application under § 247.

I need scarcely enumerate the numerous instances in which orders of judges out of court are necessarily enforced by the coercive power of the court.

Take one or two instances: suppose a party disobeys the order of a single judge to stay proceedings, but proceeds with his action, takes an inquest, and enters up judgment in defiance of the judge's order. The party guilty of this disobedience is in contempt, and is punished by the court, and not by the judge. The judge has not the authority to punish him. So with regard to orders to enforce the payment of interlocutory costs—orders of discontinuance granted at chambers, where the plaintiff, nevertheless, continues the action—orders of attachment and arrest, where the sheriff, or any officer of the court, is guilty of neglect, or any violation of duty, respecting them. The Code has, in some instances expressly, and in others impliedly and necessarily, multiplied instances of this kind. The order of

injunction, according to § 218, may be made by a judge as well as by the court; and, when made by a judge, may be enforced as the order of the court.    Where a judge orders an inspection or copy of any books, papers or documents, and where compliance with the order is refused, the court may, on motion, exclude the paper, *or punish the party refusing*, or both.  (§ 288.) Where a party to the action is required, by chapter six of the Code, to be examined before a judge at chambers, if he refuse to attend and testify, § 394 provides, that " he may be punished as for a contempt."   No power is given to the judge to punish him, or, in express words, to the court; but the court certainly may punish him, according to its inherent right.

In all the cases to which I have referred, the misconduct of the offending party is as much a contempt of court as any other act, not committed in the immediate view and presence of the court.   These examples concern the administration of justice in actions depending in the court; they may defeat, impair, impede, or prejudice the rights or remedies of parties.

When a person disobeys the *order* of a judge, he cannot, of course, be punished summarily, as when the contempt is committed in the immediate view and presence of the court; but he can be brought up on an order to show cause, or at once on an attachment to compel him to answer to interrogatories, as in any case where he disobeys the order of *the court*, instead of that of the judge.   In either case, he is equally guilty of a consequential contempt of court.

II.  But has this power of the court been taken away by any provision relating to supplementary proceedings? For, unless it is expressly taken away, it remains.   The court cannot be deprived of it by implication or indirection.

The power in these proceedings to punish for contempt is, undoubtedly, conferred on the judge before whom the proceedings have been commenced, and, in the first judicial district, on any judge before whom such *proceedings* have been continued, where they have been commenced before another judge.

Does the bestowal of the power on a judge, out of court, in such exceptional cases, divest the court of it? If that is the

effect, it is not only conferring a new power, but it is transfer‑ring power from the court to the individual members of it, acting out of court. This power is given to the judge by § 302 of the Code. It says, "If any person, &c., disobey an order of the judge, or referee, such person, &c., may be punished by the judge as for a contempt." Not a word is said intimating any intention of the legislature to deprive the court of the inherent general power, which it has always possessed and exercised, of enforcing the orders of its judges out of court, and of punishing disobedience to them as a contempt, calculated to impair its dignity and efficiency. On the contrary, by the amendment of this section, made in 1851, marked in italics, in Voorhies's edi‑tion, the legislature contemplate the exercise of this power by the court in supplementary proceedings. The amendment adds, "In all cases of commitment under this chapter, &c., the person committed may, in case of inability to perform the act required, or to endure the imprisonment, be discharged from imprisonment by *the court* or *judge committing him*, &c., on such terms as may be just." The power to commit, in short, can be exercised by a judge or by the court.

I have no doubt, therefore, that the order in this case, made at special term, before Judge DAVIES, on the 11th of October, 1856, and the order of the 16th of December, 1856, founded on it, are valid ; and I should never have considered this examin‑ation of the question necessary but for some decisions to the contrary of other courts.

In these cases, I can scarcely believe that the power of a court, in its entire amplitude over all proceedings in an action, was sufficiently presented or considered.

The decisions referred to assume, because the Code does not in express terms give the power to the court, that the court does not possess it. Taking for granted that this power does not belong to it as an inherent right, and overlooking the fact that, in respect to these supplementary proceedings, the section which I have quoted recognizes the power. It seems to me unnecessary to confer a power, if it is already possessed.

The general term of this district has, I think, settled this

question in the case of *Green and Dickerson* agt. *Del Vecchio,* by an order made at general term, on the 10th of June, 1856, affirming an *order* of the special term in a case similar to this.

But there may be another view of the subject. Even supposing that the court were bereft of its usual power in proceedings of this description, would any tribunal, deciding upon the validity of these orders, regard them as emanating from the court, when they were *in fact* made by direction of a single judge—sitting at special term, to be sure, but also at the same time actually performing the duties of a judge at chambers. An act of this kind would never be regarded as invalid by the general term of this court on so slender and technical a distinction, involving no rights, and not even affecting the convenience of the defendant, or any officer of the court.

Were there a necessity for it, the order would be taken and held to be an order of a judge at chambers, marked with the initials instead of the full name of the judge. Entitling the order at special term would not be considered conclusive.

In truth, the question is deserving of any discussion only because it concerns powers which the court considers essential to the efficient administration of justice, and which it is, therefore, unwilling to surrender, without the authority of the legislature.

Application for a stay of proceedings denied.

---

## SUPREME COURT.