## HILTON *a.* PATTERSON.

*Supreme Court, First District; Special Term, October,* 1864.

### SUPPLEMENTARY PROCEEDINGS.—CONTEMPT.—JURISDICTION.

Any question as to the truth of the affidavit on which an order for the examination of a judgment-debtor is made, should be raised by a motion to set aside the proceedings, and cannot be first raised in opposition to a motion to commit the defendant for contempt.

A person who is served with an order apparently valid, is bound either to obey such order, or at once to move for such correction as he may think necessary; and on a motion to commit for contempt for disobedience to the order, the only issues are as to the regularity of the proceedings under the order, and the excuse for disobedience.

The court has jurisdiction to enforce the orders of a judge thereof made out of court.

Where a judgment-debtor, upon being arrested under an attachment, at once submits himself to an examination, the court will ordinarily accept his excuse and discharge him from arrest; but this will not be done where the debtor puts the pursuing creditor to expense in prosecuting the attachment, and raises all objections possible.

Motion to commit for contempt.

An order having been granted in the above action by Judge Barnard for the examination of the defendant, and the defend-

ant having failed to appear and be examined, an order was subsequently issued by the same judge that the defendant show cause why he should not be committed for a contempt, which order was placed on the calendar, and from time to time continued and adjourned there until some time in September, when an attachment was issued by Judge Sutherland against the defendant, returnable on the 30th of September. Under this order interrogatories were filed, and examinations and depositions taken, which showed some excuse in a misunderstanding on the part of the defendant. The proceedings were from time to time adjourned until the latter part of October, when the motion was argued before Justice Leonard.

*Du Bois Smith,* for the plaintiff.

*David D. Field,* for the defendant.—I. The judge before whom this motion is made, has no authority to punish for the alleged contempt; only the judge who made the order for the attendance can punish for disobedience to it. (*Code,* § 302 ; Shepherd *a.* Dean, 3 *Abbotts' Pr.,* 424 ; S. C., 13 *How. Pr.,* 173 ; Wickes *a.* Dresser, 4 *Abbotts' Pr.,* 96 ; S. C., 13 *How. Pr.,* 331 ; Kearney's Case, 13 *Abbotts' Pr.,* 459 ; S. C., *sub nom.;* People *a.* Kelly, 22 *How. Pr.,* 309 ; "Squire *a.* Young, 1 *Bosw.,* 690 ; Ammidon ·*a.* Wolcott, 15 *Abbotts' Pr.,* 314 ; Bank of Genesee *a.* Spencer, 15 *How. Pr.,* 14.)

, II. The attachment was improperly granted. It appears upon the interrogatories, answers, and proofs, that the adjournment from September 8 to September 15, which appears written upon the order to show cause, was written after the 15th, and signed by the judge upon a false suggestion. The attachment being improperly granted, no proceedings in pursuance of it ought to receive the sanction of the court. (1 *Hilt.,* 109 ; S. C., 3 *Abbotts' Pr.,* 96.)

III. If the attachment had been properly granted, the subsequent motion to commit must have failed, because the interrogatories do not furnish a case justifying it. The interrogatories should show all the facts necessary to prove the defendant's contempt. (2 *Rev. Stat.,* 538, § 19.)

IV. The affidavit was not made by a person who knew any thing of the facts.

LEONARD, J.—The affidavit upon which the order for the defendant to attend and submit to an examination supplementary to the execution was made, contains all allegations necessary to give jurisdiction to grant the order.

Whether the person who made the affidavit knew the facts, or stated them on his belief, is not now the inquiry. If the defendant desired to raise the question whether there was such a judgment or execution, he must, at least, do so by an affirmation of what he claims to be the fact. This would be an affirmance of new matter upon which the plaintiff might join issue and offer proof if necessary. The inquiry now is, whether the defendant contumaciously neglected or refused to attend and submit to an examination as required by the order. The jurisdiction is upon the face of the papers complete.

Indeed, the proper way to dispose of these preliminary questions is by motion to set aside the proceeding. The order having been granted, it was the duty of the defendant to raise all questions in abatement in due season, before he refused to obey the process or order, or, at least, before the motion for the preliminary attachment was decided.

He should obey the order, or immediately proceed to bring the subject which would entitle him to relief, to the notice of the court, and ask for his discharge.

The whole issue now ought to be confined to the regularity of the supplementary proceedings, the service on the defendant in due manner, and whether he neglected or refused to attend, and his excuse, if any he has.

Such is the rule in respect to contempts for the breach of an injunction.

The objection in respect to the adjournment of the motion for a preliminary attachment is also groundless. If the order was not regularly obtained, the defendant must get it set aside on motion. The regularity of that motion or order is not a proper issue on this inquiry.

It is also objected that the judge before whom the motion was made, for an attachment against the defendant to answer for his alleged contempt, had no jurisdiction to grant the order for an attachment, for the reason that the proceedings supplementary to execution were initiated before a different judge.

The order in supplementary proceedings was returnable before the judge granting it, as the Code, §, 292, requires. That proceeding could be continued, however, before another judge in this district. (*Ib.*, § 27.)

The motion for an attachment is not the same proceeding.

The question raised by this latter objection was very fully examined by Justice Clerke of this court, in the case of Wickes *a.* Dresser (4 *Abbotts' Pr.*, 93 ; S. C., 13 *How. Pr.*, 331).

I am entirely satisfied with the result arrived at by this learned justice.

The court is not divested, by the language of section 302, of the inherent general power which it has always possessed and exercised, of enforcing the orders of the judges of this court, made out of court, and of punishing disobedience to them as a contempt.

The practice there declared has been followed in this district for a long time. The same view was adopted by the New York Superior Court in Dresser *a.* Van Pelt (15 *How. Pr.*, 19).

The justice who granted the order for an attachment in this case, was holding the special term, or was sitting at chambers for the hearing of special motions, and the order was an order of the court.

The second interrogatory refers to copies of papers annexed, and the defendant is asked if they are not copies of those served. He answers that he cannot say, as none are annexed to the interrogatories. It is objected that the omission to serve the copies renders the proof incomplete.

The prior interrogatory embraces the same subject substantially.

The proof is conclusive that the affidavit and order referred to in the second interrogatory were duly served.

The defendant admits in answer to the prior question, that the affidavit and order were served on him. No issue is raised, in reference to the papers served, by the omission to annex the copies referred to in the second interrogatory.

There seems to be no valid objection on this ground.

There is an issue of fact as to whether the plaintiff consented that the defendant need not attend to be examined on the 12th of July, and that the plaintiff would take no advantage of the omission.

The testimony of three witnesses, all of good credit, over-balances the evidence of one whose veracity is equally unimpeached. Mr. Stewart is no doubt under a mistake in this respect.

The defendant was informed that the plaintiff had so consented, and acted on that expectation, and denies any intention of committing a contempt.

This answer would generally be sufficient, and the defendant would be discharged from custody on easy terms if he submitted himself to an immediate examination upon being arrested, without making an expensive inquiry upon the merits on other issues.

In the present case, the defendant, upon being arrested and brought before the court, and after informally raising some of the questions now passed upon, was admonished that it would be the better way to submit to an examination at once under the plaintiff's proceeding; and that in the event of his complying, the terms which the court would impose on him would be light. This course the defendant refused, and has put the plaintiff to considerable expense in prosecuting the present proceeding for contempt, while the plaintiff was seeking only his remedy by an examination in the original proceedings, which was his right.

The defendant has thereby prevented an examination, has forced the determination of an issue wholly collateral, and contumaciously refused to submit to the lawful right of his creditor, in the presence of the court, for a considerable time. There was no issue as to the right of the creditor to have the examination sought.

The defendant is adjudged to be guilty of a contempt of court, and a fine of $200 is imposed upon him to indemnify the plaintiff, and to satisfy his costs and expenses herein (which sum shall be paid to the plaintiff on the order of the court); and that the defendant must be imprisoned until he shall have paid the said fine, and submitted to the examination required of him in the original proceeding supplementary to execution.