The People of the State of New York ex rel. Leonard Drake, Respondent, v. William S. Andrews, as Justice of the Supreme Court, et al., Appellants.

Contempt — disobedience to a subpœna — one who aids, procures or advises disobedience to a subpœna is guilty of criminal contempt.

A subpœna issued by a district attorney is a mandate of the court within the provisions of section 8 of the Code of Civil Procedure, and disobedience thereof may be punished as for a criminal contempt under the provisions of section 619 of the Code of Criminal Procedure.

One who aids, procures or advises the disobedience of a lawful mandate of the court is equally guilty with him who actually disobeys it. It is not necessary in order to constitute a contempt that resistance to such a mandate should be successful.

The relator, an under sheriff, received, for service, a subpœna requiring the person therein named to appear before the grand jury and also to produce certain books and papers. Relator served the subpœna on the person to whom it was directed but advised him at the time of service, and thereafter, not to produce such books and papers, and sought to induce him to destroy them. *Held,* that although the witness produced the books before the grand jury, relator was properly found guilty of, and punished as for, a criminal contempt.

*People ex rel. Drake* v. *Andrews,* 134 App. Div. 32, reversed.

(Argued October 8, 1909; decided December 17, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 6, 1909, which reversed an order of the court at a Trial Term adjudging relator guilty of criminal contempt of court and directed his discharge from custody.

The facts, so far as material, are stated in the opinion.

*Emerson M. Willis* for appellants. The subpœna in question issued by the district attorney was a process issued out of a court, and was, therefore " a mandate " under section 8 and section 3343 of the Code of Civil Procedure. (Code Cr. Pro. §§ 607, 609, 612–614, 619; 3 Ency. Dict. 3760; 23 Am. & Eng. Ency. of Law, 160; *Perry* v. *L. F. I. Co.,* 6 Lans. 204; *B. F. D. Co.* v. *Branstetter,* 43 Pac. Rep. 575; *U. S.* v. *Tanner,* 147 U. S. 663; *Brightenbach* v. *Bush,* 44 Penn. St. 320; *Johnson* v. *Elkin,* 90 Ky. 163; *Gowdry* v. *Sanders,* 88 Ky. 347; *Sherman* v. *Gudlach,* 37 Minn. 118; *Horton* v. *K. City R. Co.,* 26 Mo. App. 365; *Highfield* v. *Simms,* 90 Ga. 899; *Wolf* v. *McKinley,* 65 Minn. 156.) A subpœna being a " process " issued out of a court it is embraced within the term " mandate." (Code Civ. Pro. §§ 8, 852, 3343; Code Cr. Pro. §§ 607, 619; *People* v. *Gilmore,* 26 Hun, 1; *People ex rel. Munsell* v. *Court of Oyer & Terminer,* 101 N. Y. 245.)

*William Townsend* for respondent. A subpœna issued by a district attorney is not a mandate of the court. (*Sherwin* v. *People,* 100 N. Y. 351; *People* v. *Gilmore,* 26 Hun, 1.) An act which is not a civil or private contempt and is not enumerated among criminal contempts is not a contempt,

although it may be punishable as a misdemeanor. (*People ex rel. Munsell* v. *Court of Oyer & Terminer*, 101 N. Y. 245; Code Civ. Pro. § 11; *People ex rel. Barnes* v. *Court of Special Sessions*, 147 N. Y. 290; *People ex rel. Taylor* v. *Forbes*, 143 N. Y. 119.) The facts of the case and the testimony presented to the court would not warrant a conviction of Drake for criminal contempt. (*Slater* v. *Merritt*, 75 N. Y. 268; *People ex rel. Munsell* v. *Court of Oyer & Terminer*, 101 N. Y. 245; *Sutton* v. *Davis*, 64 N. Y. 633; *Jackson* v. *Virgil*, 3 Johns. 138; *Weeks* v. *Smith*, 3 Abb. Pr. 211; *Potter* v. *Lowell*, 16 How. Pr. 549; *Jackson* v. *Smith*, 5 Johns. 115.)

CULLEN, Ch. J. In a memorandum handed down by the court in this case it was stated that had it appeared in the order then before us that the reversal was made solely on the law and not on the facts, the order would be appealable. Since the rendition of that decision, the order of the Appellate Division has been amended in the respect referred to, and we can now deal with the appeal on its merits.

In February, 1909, at a Trial Term of the Supreme Court held in Oneida county, the grand jury was investigating the criminal misconduct of certain of the officers of said county. The relator Drake was an under sheriff of the county, and on February 16th was given for service a subpœna *duces tecum* directed to one Cox, requiring him to appear before the grand jury and give evidence on the complaints then pending before it, and also to produce all books, papers and records of the said witness, or the late firm of which he had been a partner, showing sales of property of any kind to the county of Oneida, and payments made by the said county for such property during the years 1894, 1895 and 1896. The relator served the subpœna on said Cox, but as found by the trial court, at the time of the service and in subsequent interviews, he advised Cox that he must not produce the books and papers called for in the subpœna, and sought to induce Cox to destroy them. Cox, however, did appear before the grand jury with the books. The trial court held that the acts of

the relator constituted a criminal contempt tending to inter-
fere with the proceedings of the grand jury, to impair the
respect due to the court's authority, and was a willful dis-
obedience to the lawful mandate of the court and resistance
willfully offered thereto. For this the relator was sentenced
to a fine of $250 and imprisonment for 30 days.

The learned Appellate Division, by a divided court, has
reversed this conviction, not because the trial court erred in
its determination of the facts, but on the ground that the acts
which the relator had committed did not constitute a criminal
contempt, and this is the sole question presented on this
appeal. By section 619 of the Code of Criminal Procedure it
is provided that disobedience of a subpœna may be punished
by the court or magistrate as for a criminal contempt. Hence,
had Cox failed to obey the subpœna, unquestionably he would
have been subject to summary punishment by the court.
But it is contended that as Cox complied with the require-
ments of the subpœna, authority to punish the relator for his
conduct must be found in some other statutory provision.
Assuming, for the discussion, this claim to be correct, we are
relegated to section 8 of the Code of Civil Procedure, which
defines criminal contempts. That section enacts: "A court
of record has power to punish for a criminal contempt, a
person guilty of either of the following acts, and no
others: *    *    *

" 3. Willful disobedience to its lawful mandate.

" 4. Resistance willfully offered to its lawful mandate."

If the subpœna which the relator sought to have the wit-
ness disobey was a lawful mandate of the court the relator
was properly convicted of contempt, for one who aids, pro-
cures or advises the disobedience of a lawful mandate of the
court is equally guilty with him who actually disobeys it.
(*King* v. *Barnes*, 113 N. Y. 476.) Nor·was the relator guilt-
less of contempt and exempt from punishment because his
efforts to have Cox disobey the subpœna were abortive, for
while by subdivision 3 of the section cited willful disobedi-
ence to its mandate is a criminal contempt of the court, by

1909.]       People ex rel. Drake v. Andrews.       57

N. Y. Rep.]    Opinion of the Court, per Cullen, Ch. J.

subdivision 4 resistance to that mandate is equally a contempt, and under this subdivision it is not necessary that the resistance should be successful. The Appellate Division, however, was of opinion that the subpoena issued by a district attorney for the appearance of a witness before the grand jury was not a mandate of the court within the sections defining criminal contempts, and in support of that position reliance was placed on the decision of this court in *Sherwin* v. *People* (100 N. Y. 351). While that case was decided by this court in 1885, the offense of which the appellant was convicted was committed in 1874, and the indictment found in the same year, long anterior to the enactment of either of the present Codes of Civil and Criminal Procedure. The case was controlled by the provisions of the Revised Statutes. The plaintiff was convicted of a misdemeanor in having committed a criminal contempt of the court in failing to obey a subpoena to attend before the grand jury. All that case is authority for is that the defendant was not subject to prosecution by indictment, but it is conceded in the opinion that he could have been punished by the court as for a contempt. (P. 364.) It is true that in the opinion there is a discussion whether the subpoena was to be treated as a mandate within section 10 (2 R. S. 278), defining criminal contempts, and the court held it was not, but the decision was rested on the proposition that the Revised Statutes had prescribed a penalty for disobedience to a district attorney's subpoena. This is clear from the following excerpt from the opinion of the court: "In the face of an express statute providing in clear and unmistakable language for the penalty to be incurred, there is no valid ground for holding that other penalties are to be inflicted which are, at least, of doubtful application, and for which the statute itself, under which they are sought to be enforced, does not clearly and directly provide." (p. 361.) Since the enactment of section 619 of the Code of Criminal Procedure the ground on which the decision in the *Sherwin* case proceeded no longer exists. Instead of the provision of the Revised Statutes that disobedience of the district attorney's

subpœna should be punished in the same manner as the disobedience of a subpœna in a civil suit, *i. e.,* as a civil contempt, it is now enacted that such disobedience may be punished as a criminal contempt.   In addition to this we have an express definition of the term " mandate " in section 3343 of the Code of Civil Procedure :  " 2.  The word, ' mandate,' includes a writ, process, or other written direction, issued pursuant to law, out of a court, or made pursuant to law, by a court, or a judge, or a person acting as a judicial officer, and commanding a court, board, or other body, or an officer, or other person, named or otherwise designated therein, to do, or to refrain from doing, an act therein specified."   This definition is certainly broad enough to include the subpœna under discussion, but we do not place our decision on that ground alone, nor is it necessary to say that the disobedience of a subpœna in a civil suit would not constitute a criminal contempt.   We think it clear, however, that as to subpœnas issued by the district attorney in criminal cases when the law prescribed that disobedience thereto should be punishable as a criminal contempt, the necessary result was to place such subpœnas within the provisions of section 8 as mandates of the court.

The order of the Appellate Division should be reversed and that of the Trial Term affirmed and relator remanded to custody.

Edward T. Bartlett, Haight, Vann, Willard Bartlett, Hiscock and Chase, JJ., concur.

Order reversed, etc.