NORTHLAND RUBBER CO., Inc., v. INTERNATIONAL AUTO-MOBILE LEAGUE et al.

(Supreme Court, Equity Term, Erie County. August, 1913.)

1. INJUNCTION (§ 219*)—VIOLATION—CONTEMPT—PUNISHMENT.

It is essential to sustain a conviction for civil contempt in violating an injunction that plaintiff show a cause of action for equitable relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 439–441; Dec. Dig. § 219.*]

2. INJUNCTION (§ 219*)—CRIMINAL CONTEMPT—VIOLATION OF INJUNCTION—PLAINTIFF'S RIGHT TO RELIEF.

Since punishment as for criminal contempt is imposed for violation of an injunction to maintain the dignity of the court, and the fine imposed inures to the public and not to the complaining party in the action, it is not essential to a conviction for a criminal contempt in violating an injunction that plaintiff should be entitled to equitable relief in the action.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 439–441; Dec. Dig. § 219.*]

3. INJUNCTION (§ 229*)—CRIMINAL CONTEMPT—PUNISHMENT.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 750, subd. 3, authorizing a court to punish for a criminal contempt a person guilty of willful disobedience of the court's lawful mandate, and Code Civ. Proc. §§ 603, 606, authorizing the issuance of injunctions and the enforcement thereof, as an order of court, where a complaint for an injunction was sufficient to give the court jurisdiction of the subject-matter, and summons had been served on defendants, the court had jurisdiction to punish them ·as for a criminal contempt for violating the injunction of which they had notice.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 496–501; Dec. Dig. § 229.*]

Action by the Northland Rubber Company, incorporated, against the International Automobile League and others, on return of an order to show cause why the defendants International Automobile League, James J. O'Shea, and others, should not be punished for contempt for violating a temporary injunction, granted ex parte July 9, 1913. Defendants found guilty and punished.

George C. Riley, of Buffalo, for the motion.
Henry W. Killeen, of Buffalo, opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. The nature of the action is sufficiently stated in the opinion filed concurrently herewith, on a motion for the continuance of the injunction. The plaintiff demands relief, among other things, enjoining the defendants from either directly or indirectly, personally or otherwise, promoting the organization of, or dealing in, exchanging, offering to exchange, offering for sale, or engaging in the sale of the stock of the Western I. A. L. Purchasing Corporation, or the International Automobile League Tire Company, or the League of Canadian Automobilists, Limited, and from circularizing the stockholders of the plaintiff with a view to inducing them to surrender their certificates of capital stock in exchange for certificates of capital stock in other corporations.

The evidence satisfactorily shows that the injunction order was duly granted, and was duly served on the defendants International Automobile League and O'Shea, who was in the employ of said corporation, and that thereafter circulars were mailed by said defendant corporation to stockholders of the plaintiff in violation of said injunction order. Although the evidence does not expressly show that the defendant O'Shea committed any affirmative act in violation of the injunction order after it was served upon him or came to his knowledge, it satisfactorily shows that he knowingly suffered and permitted the violation of said order by agents and employés of said corporation who were subordinate to him and under his direction and control, and failed to take steps, as was clearly his duty, to have the injunction order observed both in letter and in spirit.

The order to show cause, on which the motion was brought on, does not recite that the alleged violations of the injunction order were calculated to or did defeat, impair, impede, or prejudice any right or remedy of the plaintiff, and it does not appear by the moving papers whether it was claimed that the alleged violations constituted a criminal or a civil contempt, nor did it appear on the argument.

The motion to punish for contempt was heard first, and after the court announced its views thereon to the effect that said International Automobile League and O'Shea were guilty of a willful violation of the injunction order, and at the close of the hearing on the motion for the continuance of the injunction, in answer to an inquiry to the attorney for the plaintiff by the court as to whether it was claimed that the said defendants were guilty of a criminal or a civil contempt, the attorney answered that he contended that they were guilty of a civil contempt.

It is extremely doubtful, as indicated in the other opinion, whether the complaint states a cause of action, inasmuch as it shows an attempt on the part of the plaintiff to cancel and terminate material parts of the contracts to restrain the violation of which the suit is brought.

[1] It is essential, to sustain a conviction for a civil contempt, that the plaintiff should show a cause of action for equitable relief. People ex rel. Gaynor v. McKane, 78 Hun, 154, 28 N. Y. Supp. 981; Bachman v. Harrington, 184 N. Y. 458, 77 N. E. 657.

I am of opinion, therefore, that said defendants cannot be punished as for a civil contempt.

[2] The court, however, is not limited in deciding the motion, by the request of the plaintiff's attorney, that the defendants be punished as for a civil contempt. The rule with respect to an adjudication for a criminal contempt is different. In such case punishment is imposed for the purpose of maintaining the dignity of the court representing the people of the state, and the fine imposed inures to the public, and not, as in the case of a civil contempt, to the party to the action who is aggrieved. People ex rel. Stearns v. Marr, 181 N. Y. 463, 74 N. E. 431, 106 Am. St. Rep. 562, 3 Ann. Cas. 25.

[3] Section 750, subd. 3, of the Judiciary Law (chapter 35 of the Laws of 1909; chapter 30 of the Consolidated Laws) authorizes a court of record to punish for a criminal contempt a person guilty of a "willful disobedience of its lawful mandate." The complaint in this action gave the court jurisdiction of the subject-matter, and service of the summons on said defendants gave the court jurisdiction over them. A justice of the court was authorized and empowered, by sections 603 and 606 of the Code of Civil Procedure, to issue the injunction order, and it is expressly provided by said section 606 that such an order "may be enforced as the order of the court." The court therefore is authorized to punish a willful violation of the order as a criminal contempt. Erie R. Co. v. Ramsey, 45 N. Y. 637; Tremain et al. v. Richardson, 68 N. Y. 617; People ex rel. Illingworth v. Oyer & Terminer, 10 App. Div. 25, 41 N. Y. Supp. 702; People ex rel. Drake v. Andrews, 197 N. Y. 53, 90 N. E. 347, 18 Ann. Cas. 317; Wicker v. Dresser, 13 How. Prac. 331.

Section 751 of the Judiciary Law provides that punishment for a criminal contempt may be by fine not exceeding $250, or by imprisonment, not exceeding 30 days in the jail of the county where the court is sitting, or both, in the discretion of the court; but the court is not authorized in such case to allow costs. People ex rel. Stearns v. Marr, supra.

When the injunction order was served upon said defendants, or was brought to their attention, it was their duty to obey its provisions, both in letter and in spirit, and to take active steps to prevent its violation by any one acting in behalf of, or subject to the order or control of, either of them. It was not for either of them to question the authority of the court, or to be influenced by what they or either of them deemed to be the merits of the case. If they deemed themselves aggrieved by the order, they were at liberty to apply forthwith, ex parte, to the justice who granted it to request that the propriety of granting it be reconsidered and that it be vacated on the moving papers, or they were at liberty to move at Special Term, on notice, to have it vacated; but, so long as it remained in force, the dignity of the people of the state, and of the court, required that it be fairly and honestly observed. Therefore, notwithstanding the fact that the order is to be vacated, said defendants must be punished. The corporation cannot be imprisoned, but it may be fined, and it is adjudged guilty of a criminal contempt, and fined $250. The evidence renders it quite probable that the defendant O'Shea did not fully realize his duty, and that, in suffering the violation of the injunction order by others subordinate to him, he was influenced by the defendant Bidwell, who was president of the

corporation and his superior officer, and therefore a lighter punishment should be imposed upon him. He is adjudged guilty of a criminal contempt and fined $50.

Let an order in appropriate and usual form be entered accordingly.